### GID JOWELL v. D. M. COFFEE.

Decided October 29, 1910.

**1.—District Courts—Special Terms—Statute Construed.**

A failure to comply with the preliminaries prescribed by the statute in the matter of ordering and holding special terms of District Courts will render such terms null and void.

2.—Same.

The Act of the 29th Legislature (Gen. Laws, 1905, page 116) concerning the ordering and holding special terms of the District Courts, is not in conflict with articles 1114, 1115 and 1116 of the Revised Statutes; hence the requirement in article 1114 that the order of the district judge convening a special term of such court shall state the length of time deemed necessary for the holding of such special term, and the requirement of articles 1115 and 1116 that notices of such special terms shall be issued by the clerk and posted by the sheriff, are in force and effect, and a failure to comply with said requirements would render the term unlawful and the proceedings had thereat null and void.

Appeal from the District Court of Swisher County. Tried below before Hon. L. S. Kinder.

*Martin & Zimmermann* and *Randolph & Randolph,* for appellant.— The special term of court held in September, 1909, was void. Art. 1114, Rev. Stats.; 11 Cyc., p. 726, sec. "A" and note 2 thereunder; 11 Cyc., pp. 727 and 730, sec. 3; Dunn v. State (Ark.), 35 Am. Dec., 66; Toler v. Commonwealth, 23 S. W., 347; Lipari v. State, 19 Texas Crim. App., 431; Black's Law Dic., p. 1162, Definition of "Term."

*L. W. Dalton, Hendrix & Smith* and *Theodore Mack,* for appellee.— The Act of 1905, 29th Leg., page 116, under which the term was held, gave to the district judge power and discretion to convene a special term at any time to be fixed by him, and did not require that the length of the term be set forth in the order or proclamation convening the court. Its omission could not affect the legality of the term of court. Ex parte Boyd, 96 S. W., 1079; ex parte Young, 95 S. W., 98.

DUNKLIN, Associate Justice.—The judgment from which this appeal is prosecuted was rendered on September 27, 1909, at a special term of the District Court of Swisher County. This special term was convened pursuant to an order dated September 17, 1909, made by the district judge, reading as follows:

"The State of Texas,        September 17, 1909, August Term of the
"County of Swisher.         District Court of said County, 1909.

"It appearing to the court that there will not be sufficient time at this term of the court to try certain causes now pending in the court, for the fact that this term of court under the law ends September 18, 1909, and as a matter of right and justice these causes should not be continued for six months or until the next regular term of court. It therefore being deemed advisable that a special term of this District Court of this county be held for the purpose of disposing of certain cases and business now pending on the docket of this court, it is therefore ordered that said special term be called to convene and commence on September 27, 1909.

"It is ordered that the following causes, towit: D. M. Coffee v. Gid Jowell, No. 676; J. T. Lemmon v. T. B. Bond, No. 540, be and are hereby set for said special term for trial.

"It being shown to the court that all the parties plaintiff and defendant and their counsel in said causes are in open court and are fully advised of this special term there will be no notices served on them by the clerk of this special term; and such other business as may be necessary will be disposed of at said special term."

Chapter 4, title 28, of the Revised Civil Statutes provides for the holding of special terms of District Courts, and the following three articles appear in that chapter:

"Art. 1114. Whenever it may become necessary, in the opinion of the district judge, to hold a special term in any county in his district, he shall cause to be entered an order to that effect upon the minutes of a regular term of the court held in said county, and in said order shall appoint the time for the holding of such special term at a day not less than thirty days after the adjournment of the regular term at which such order is entered, which order shall state the length of time deemed necessary for the holding of such special term."

"Art. 1115. Upon the order provided for in the foregoing article being entered, the clerk of the District Court of such county shall issue six notices containing a copy of order of the court entered, and also the name, style and number of each case appearing upon the docket of said court which will be before the court for disposition at such special term, which notice and copies shall be under seal of the court."

"Art. 1116. The sheriff shall post the true copies of said notice at six public places in such county, one of which shall be at the courthouse door, and shall return the original notice to the special term, with his return thereon, stating the manner in which he has executed the same, which notice and return shall be entered in full in the minutes of the court."

By the Act of the Twenty-ninth Legislature, 1905, page 116, the law for holding special terms of the District Court was amended in the following language:

"Section 1. Where it may become advisable in the opinion of the judge of the district in which any county in the State of Texas may be situated, to hold a special term or terms of the District Courts therein, such special term or terms may be held."

"Section 2. The judge of the district in which a county may be situated, in which it is deemed advisable by such judge that a special term of the courts should be held, may convene such special term of the courts at any time which may be fixed by him. The said judge may appoint jury commissioners who may select and draw grand and petit jurors in accordance with the law; said jurors may be summoned to appear before said courts at such time as may be designated by the judge thereof; provided that in the discretion of the judge a grand jury need not be drawn or impaneled."

"Section 3. The grand jury selected as provided for in the preceding section shall be duly impaneled and proceed to the discharge of its duties as at a regular term of the court."

"Section 4. Any person indicted by the grand jury impaneled at a special term of the courts may be placed upon trial at said special term."

"Section 5. Nothing herein contained shall be held to repeal any part of the provisions of chapter 4 of title 28 in the Revised Civil Statutes of Texas, except so far as the same may be inconsistent with the provisions in this Act."

It will be noted that in article 1114 of the Revised Civil Statutes copied above, it is required that the order of the district judge convening a special term of court "shall state the length of time deemed necessary for the holding of such special term"; and by articles 1115 and 1116 notices of such special terms are required to be issued by the clerk and posted by the sheriff. These provisions of the old law are not inconsistent with any of the terms of the amendment and, therefore, are in full force. It will be noted that the order of the district judge convening the special term at which this case was tried did not contain a statement of the length of time which the judge deemed necessary for the holding of the special term, and it is also shown by the record that the requirements for the issuance and service of the notices provided in articles 1115 and 1116, were not complied with.

The Legislature having provided the steps necessary for the holding of a special term of court, the district judge was without lawful authority to hold such a term without complying with the preliminaries prescribed, and by reason of the failure to comply with the requirements of the statute in the particulars noted above, the judgment was invalid. 11 Cyc., pp. 727, 728 and 731, and authorities therein cited.

Other errors assigned will not be discussed. Reversed and remanded.

*Reversed and remanded.*